Honorable Barbara J. Rothstein

1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8       WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9    WALKER & KRAUS, D.D.S., P.L.L.C.,
     individually and on behalf of all others similarly
10   situated,                                                    No.

11                                   Plaintiff,                   COMPLAINT - CLASS ACTION

12        v.                                                      JURY DEMAND

13   CITIZENS INSURANCE COMPANY OF
     AMERICA,
14
15                                   Defendant.

16

17                      **I.        INTRODUCTION**

18        Plaintiff, WALKER & KRAUS, D.D.S., P.L.L.C. ("Walker"), individually and on behalf

19   of all other similarly situated members of the defined national class and the defined Washington

20   State subclasses (collectively, the "Class Members"), by and through the undersigned attorneys,

21   brings this class action against Defendant Citizens Insurance Company of America

22   ("Defendant") and alleges as follows based on personal knowledge and information and belief:

23                  **II.      JURISDICTION AND VENUE**

24        1.        This Court has subject matter jurisdiction pursuant to the Class Action Fairness

25   Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member of the proposed Class and

26

CLASS ACTION COMPLAINT- 1
(2:20-cv-00616-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Washington subclass is a citizen of a state different from that of Defendant, the proposed Class and subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiff and all of the Washington subclass members in this case arise out of and directly relate to Defendant's contacts with Washington.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's business is located in Enumclaw, King County. This action is therefore appropriately filed in this District.

### III.    PARTIES

5.      Plaintiff Walker operates a dentistry practice located at 2949 Griffin Ave., Enumclaw, Washington 98022.

CLASS ACTION COMPLAINT- 2
(2:20-cv-00616-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.      Defendant Citizens Insurance Company of America is an insurance carrier incorporated and domiciled in the State of Michigan, with its principal place of business located in Howell, Michigan.

7.      Defendant is an insurer among the group of insurers within The Hanover Insurance Group, Inc. (collectively "Hanover"). Hanover subsidiaries are authorized and/or licensed to write, sell, and issue business insurance policies in all fifty states and the District of Columbia. Defendant and its sister entities owned by the same parent company conducted business within these regions by selling and issuing insurance policies to policyholders, including Plaintiff.

8.      Defendant is vicariously liable for the acts and omissions of its employees and agents.

## IV.    NATURE OF THE CASE

9.      This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

10.     Defendant issued one or more "all-risk" insurance policies to Plaintiff, which includes Property, Business Income Coverage and related endorsements, insuring Plaintiff's property and business practice and other coverages.

11.     Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of dentistry and other related business activities.

12.     Defendant's policy issued to Plaintiff is an "all-risk" policy that provides broad property and business interruption coverage except where excluded.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13.    Defendant's insurance policy issued to Plaintiff promises to pay Plaintiff for direct physical loss of or damage to covered property.

14.    Defendant's insurance policy issued to Plaintiff includes Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage and Civil Authority Coverage.

15.    On information and belief, Defendant issued materially identical policy provisions to other policyholders concerning business interruption coverage for the relevant period.

16.    Plaintiff paid all premiums for the coverage when due.

17.    On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

18.    COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States including Washington State. In many infected persons, the virus causes severe illness and requires hospitalization, including intubation. The virus has killed more than 200,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

19.    The virus is a physical substance that spreads person to person through respiratory droplets that reach another person and are produced when an infected breathes, talks, coughs or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g. furniture, dentistry instruments, tables, door knobs, chairs, touch screens) and those objects are then touched by another person who then touches

CLASS ACTION COMPLAINT- 4
(2:20-cv-00616-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

their own mouth, nose or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

20.      COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet will still spread the virus. Guidance issued by the United States Centers for Disease Control & Prevention (CDC) recommends avoiding indoor activities, adhering to strict sanitation protocols, and maintaining social distance of at least six feet from others in order the minimize the spread of COVID-19.[2]

21.      The CDC also recognizes that "dental settings have unique characteristics that warrant specific infection control considerations," and that the most critical dental services must be prioritized in a way that minimizes harm to patients from delaying care while minimizing harm to personnel and patients from potential exposure to COVID-19 infection.[3]

22.      The CDC reports that people can become infected with the COVID-19 virus through airborne transmission, especially in enclosed spaces with inadequate ventilation, and thus, people farther than six feet apart can become infected by tiny droplets and particles that float in the air for minutes and hours. The virus can spread this way and infect other persons even after the infected person has left the area.[4]

---

[1] *See, e.g., Coronavirus Disease 2019 (COVID-19); Frequently Asked Questions* (updated Sept. 18, 2020), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.

[2] *Coronavirus Disease 2019 (COVID-19): Personal and Social Activities, Centers for Disease Control & Prevention* (updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

[3] *Coronavirus Disease 2019 (COVID-19): Guidance for Dental Settings, Centers for Disease Control & Prevention* (updated August 28, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/dental-settings.html.

[4] *Coronavirus Disease 2019 (COVID-19): How Coronavirus Spreads,* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited Oct. 6, 2020); *see also* https://www.washingtonpost.com/health/2020/10/05/cdc-coronavirus-airborne-transmission/

CLASS ACTION COMPLAINT- 5
(2:20-cv-00616-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

23.     In March 2020, the American Dental Association (ADA) recommended that dental providers close their offices for all but emergency care.[5] Upon expiration of that guideline in April 2020, the ADA recommended that dental providers keep their offices closed to all but urgent and emergency procedures.[6]

24.     Public Health data throughout the United States, and on a case-by-case basis, shows that COVID-19 has been detected in every state.

25.     Public health data throughout the United States shows the rate of positive testing by state, the numbers or persons by state who have been diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics.[7]

26.     As of March 11, 2021, at least 327,672 individuals in the State of Washington have tested positive for COVID-19, 20,212 have been hospitalized, and 5,107 have died due to the COVID-19 virus.[8]

27.     As of March 11, 2021, at least 83,651 individuals in King County have tested positive for COVID-19, 5,193 have been hospitalized, and 1,435 have died due to the COVID-19 virus.[9]

---

[5] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/march/ada-calls-upon-dentists-to-postpone-elective-procedures (last visited September 24, 2020).

[6] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/april/summary-of-ada-guidance-during-the-covid-19-crisis (last visited September 24, 2020).

[7] *See, e.g.*, *The New York Times*, Covid in the U.S.: Latest Map and Case Count (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (last visited Sept. 28, 2020).

[8] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated March 10, 2021, 11:59 PM), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

[9] *Id.*

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

28.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

29.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and direct physical loss of property.

30.     The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

31.     The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and direct physical loss of property.

32.     The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and direct physical loss to the premises and property.

33.     Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

34.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as the result of COVID-19. Thereafter, he issued a series of proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

35.     Some local agencies acted even more quickly than the state. On February 27, 2020, the Northshore School District closed Bothell High School to completely disinfect the entire school because of concerns about the safety of school property stemming from COVID-

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   19.[10] On March 2, 2020, Everett Public Schools Superintendent Dr. Ian B. Saltzman made a

2   similar announcement closing schools, highlighting that Everett Schools would clean both

3   schools and school buses.[11]

4       36.     Issued March 12, 2020, Proclamation 20-08 closed all public and private K-12

5   schools in King, Pierce, and Snohomish counties.[12] Issued March 13, 2020, Proclamation 20-09,

6   "Statewide K-12 School Closures," extended the school closure to the entire state.[13]

7       37.     Also on March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide

8   Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington

9   counties, including King County.[14]

10      38.     On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide

11  Limits: Food and Beverage Services, Areas of Congregation" which amended Proclamation 20-

12  05.[15] The proclamation prohibits "any number of people from gathering in any public venue in

13  which people congregate for purposes of . . . food and beverage service."[16] The proclamation

14  further prohibited "the onsite consumption of food and/or beverages" in all restaurants, bars,

15  taverns, and for catered events.[17]

---

[10] *See* Michelle Reid, *Letter to Families: Bothell High School Closure*, Northshore School District (Feb. 26, 2020), https://www.nsd.org/blog/~board/superintendent-blog/post/letter-to-families-bothell-high-school-closure.
[11] *See* Ian B. Saltzman, *Superintendent's Message, March 2, 2020*, Everett Public Schools (Mar. 2, 2020), https://www.everettsd.org/Page/32622.
[12] Proclamation 20-08 of Washington Gov. Jay Inslee (Mar. 12, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-08%20Coronavirus%20%28tmp%29.pdf.
[13] Proclamation 20-09 of Washington Gov. Jay Inslee, *Statewide K-12 School Closures* (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-09%20Coronavirus%20Schools%20Amendment%20%28tmp%29.pdf.
[14] Proclamation 20-11 of Washington Gov. Jay Inslee, *Statewide Limits on Gatherings* at p. 2 (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-11%20Coronavirus%20Gatherings%20Amendment%20%28tmp%29.pdf.
[15] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.
[16] *Id.* at p. 2.
[17] *Id.*

CLASS ACTION COMPLAINT- 8
(2:20-cv-00616-BJR)

39.     Proclamation 20-13 further states that the pandemic "remains a public disaster affecting life, health, property or the public peace."[18]

40.     Also on March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited all gatherings of fifty people or more in all Washington counties, including King County, and further prohibited gatherings of fewer people unless organizers of those activities complied with certain social distancing and sanitation measures.[19]

41.     On March 19, 2020, Governor Inslee issued Proclamation 20-24, "Restrictions on Non-Urgent Medical Procedures," which provided, in part:

> WHEREAS, the health care personal protective equipment supply chain in Washington State has been severely disrupted by the significant increased use of such equipment worldwide, such that there are now critical shortages of this equipment for health care workers. To curtail the spread of the COVID-19 pandemic in Washington State and to protect our health care workers as they provide health care services, it is necessary to immediately prohibit all hospitals, ambulatory surgery centers, and dental, orthodontic, and endodontic offices in Washington State from providing health care services, procedures and surgeries that require personal protective equipment, which if delayed, are not anticipated to cause harm to the patient within the next three months.[20]

42.     By order of Governor Inslee, dentists including Plaintiff was prohibited from providing services but for urgent and emergency procedures.

43.     Proclamation 20-24 provides that one of the reasons it was issued was that "the worldwide COVID-19 pandemic and its progression throughout Washington State continues to

---

[18] *Id.* at p. 1.

[19] Proclamation 20-14 of Washington Gov. Jay Inslee, *Reduction of Statewide Limits on Gatherings* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-14%20COVID-19%20-%20Prohibitions%20on%20Gatherings%20%28tmp%29.pdf.

[20] Proclamation 20-05 of Washington Gov. Jay Inslee, *Restrictions on Non-Urgent Medical Procedures* (Mar. 19, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-24%20COVID-19%20non-urgent%20medical%20procedures%20%28tmp%29.pdf.

CLASS ACTION COMPLAINT- 9
(2:20-cv-00616-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."

44.     On information and belief, Proclamation 20-24 refers to the health of Washingtonians and property damage throughout Washington State, including King County where Plaintiff's business is located.

45.     On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental practitioners, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2020, and throughout the duration of the catastrophic health emergency.

46.     On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington Department of Health and postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

47.     On March 30, 2020, Governor Inslee issued Order Number 20-03-30-01 affecting persons and residents within the State of Washington, which includes a "Stay-at-Home Order" requiring all persons living in Washington to stay in their homes or places of residence except under certain specified circumstances.

48.     Governor Inslee's Proclamation and Orders related to COVID-19 have been extended and modified from time to time.

49.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

CLASS ACTION COMPLAINT- 10
(2:20-cv-00616-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

50.     Loss caused by COVID-19 and/or Governor Inslee's orders and proclamations rendered Plaintiff's property unusable for its intended and insured purpose.

51.     Plaintiff's property sustained direct physical loss and/or direct physical property damage related to COVID-19 and/or the proclamations and orders.

52.     Plaintiff's property will continue to sustain direct physical loss or damage covered by Defendant's policy or policies, including but not limited to Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage and Civil Authority Coverage.

53.     Plaintiff has been unable to use its physical property for its intended business purposes.

54.     As a result of the above, Plaintiff has experienced and will experience loss covered by Defendant's policy or policies.

55.     Plaintiff complied with all requirements in the policy or policies.

56.     Plaintiff made a claim for insurance benefits under claim number 19-00674915 001.

57.     Defendant denied Plaintiff's claim for insurance benefits by letter dated May 26, 2020.

58.     Defendant did not make a reasonable investigation of Plaintiffs' claims.

59.     Upon information and belief, Defendant intends to deny or has denied Plaintiff's claim for coverage and has or will continue to deny coverage for other similarly situated policyholders.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

60.     Upon information and belief, Defendant has denied all claims submitted for business interruption coverage related to the COVID-19 pandemic and/or governmental orders based on its internal policy to deny such claims.

61.     Upon information and belief, Defendant did not conduct any investigations into its policyholders' claims for business interruption coverage related to the COVID-19 pandemic and/or governmental orders.

62.     Upon information and belief, Defendant has denied all claims submitted for business interruption coverage related to the COVID-19 pandemic and/or governmental orders without meaningful investigation of whether there are differences from one claim to the next.

63.     Upon information and belief, Defendant has denied and will deny coverage of all other similarly situated policyholders based on its policy to deny business interruption claims related to COVID-19.

## V.     CLASS ACTION ALLEGATIONS

64.     This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

65.     Prosecuting separate actions by individual class members, in lieu of proceeding as a class action, would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

66.     As alleged above, Defendant has acted or refused to act on grounds that apply generally to the proposed class and subclasses, such that final injunctive relief or declaratory relief is appropriate.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

67.    The questions of law or fact common to class and subclass members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

68.    The Classes that Plaintiff seeks to represent are defined as:

A.    *Business Income Breach of Contract Class:* All persons and entities in the United States issued a Hanover policy with Business Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Business Practice claim has been denied.

B.    *Business Income Breach of Contract Washington Subclass:* All persons and entities in the State of Washington issued a Hanover policy with Business Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Business Practice claim has been denied.

C.    *Business Income Declaratory Relief Class:* All persons and entities in the United States issued a Hanover policy with Business Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

D.    *Business Income Declaratory Relief Washington Subclass:* All persons and entities in the State of Washington issued a Hanover policy with Business Income Coverage who suffered a suspension of their practices at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

CLASS ACTION COMPLAINT- 13
(2:20-cv-00616-BJR)

E.    ***Extended Business Income Breach of Contract Class:*** All persons and entities in the United States issued a Hanover policy with Extended Business Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Practice Income claim has been denied.

F.    ***Extended Business Income Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued a Hanover policy with Extended Business Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied.

G.    ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued a Hanover policy with Extended Business Income Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H.    ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a Hanover policy with Extended Business Income coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extra Expense Breach of Contract Class***: All persons and entities in the United States issued a Hanover policy with Extra Expense Coverage who sought to minimize losses from the suspension of their practice at the covered premises in

connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied.

J.      ***Extra Expense Breach of Contract Washington Subclass***: All persons and entities in the State of Washington issued a Hanover policy with Extra Expense Coverage who sought to minimize losses from the suspension of their practice at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied.

K.      ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued a Hanover policy with Extra Expense Coverage who sought to minimize losses from the suspension of their practice at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.      ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a Hanover policy with Extra Expense Coverage who sought to minimize losses from the suspension of their practice at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

M.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued a Hanover policy with Civil Authority Coverage who suffered a suspension of their practice and/or extra expense at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N.      ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued a Hanover policy with Civil Authority coverage who suffered a suspension of their practice and/or extra expense at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied.

O.      ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued a Hanover policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.      ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a Hanover policy with Civil Authority Coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

69.      Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff.

70.      Plaintiff reserves the right to amend the above-described Class definitions based on information obtained in discovery, including Defendant's internal records presently unavailable to Plaintiff.

71.      This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

72.      **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that the proposed Class

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

contains hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

73.    **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.    Whether the Class Members suffered cognizable losses under the Hanover policies;

B.    Whether Hanover acted in a manner common to the Class in denying claims on the same grounds for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.    Whether Business Income Coverage in Hanover's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.    Whether Business Income Coverage in Hanover's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.    Whether Extra Expense Coverage in Hanover's policies of insurance applies to efforts to minimize a loss at the covered premises relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.    Whether Civil Authority Coverage in Hanover's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

G.      Whether Hanover has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H.      Whether, because of Defendant's conduct, Plaintiff and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

74.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all members of the classes have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

75.    **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

76.    **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the class would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

CLASS ACTION COMPLAINT- 18
(2:20-cv-00616-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

77.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a class wide basis.

78.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.     CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Declaratory Relief Class, Business Income Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass)*

79.     Previous paragraphs alleged are incorporated herein.

80.     This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

81.     Plaintiff brings this cause of action on behalf of the Business Income Declaratory Relief Class, Business Income Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

82.     Plaintiff seeks a declaratory judgment declaring that Plaintiff's and Class Members' losses and expenses resulting from the interruption of their business are covered by the Policy.

83.     Plaintiff seeks a declaratory judgment declaring that Defendant is responsible for timely and fully paying all such claims.

## Count Two—Breach of Contract

***(Brought on behalf of the Business Income Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)***

84.     Previous paragraphs alleged are incorporated herein.

85.     Plaintiff brings this cause of action on behalf of the Business Income Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class and Civil Authority Breach of Contract Washington Subclass.

86.     The Policy is a contract under which Plaintiff and the Class Members paid premiums to Defendant in exchange for Defendant's promise to pay plaintiff and the Class Members for all claims covered by the Policy.

87.     Plaintiff has paid its insurance premiums.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

88.     On information and belief, Defendant intends to deny or has denied Plaintiff's claim for coverage and has or will continue to deny coverage for Plaintiff and other similarly situated policyholders.

89.     Denying coverage for the claim is a breach of the insurance contract.

90.     Plaintiff is harmed by the breach of the insurance contract by Hanover.

## VII.     REQUEST FOR RELIEF

1.     Class action status under Fed. R. Civ. P. 23.

2.     A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of the Plaintiff's business practice related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.     A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

4.     Damages.

5.     Pre- and post-judgment interest at the highest allowable rate.

6.     Reasonable attorney fees and costs.

7.     Such further and other relief as the Court shall deem appropriate.

## VIII.     JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all claims so triable.


DATED this 12th day of March, 2021.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*

CLASS ACTION COMPLAINT- 21
(2:20-cv-00616-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/ Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: kswope@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com

    *Attorneys for Plaintiff and the*
    *Proposed Classes*

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384